David Riccardo MICELI, Plaintiff,

v.

LITTON SYSTEMS, INC., etc.,
Defendant.

No. 81–8119–CIV–JAG.

United States District Court,
S.D. Florida,
West Palm Beach Division.

July 7, 1983.

James K. Beckham, Miami, Fla., for plaintiff.

Albert P. Massey, III, Ft. Lauderdale, Fla., for Zurich American Ins. Co., Worker's Compensation Lien Holder.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE came on to be heard upon plaintiff's emergency Motion to Effectuate Court Dispersal of Settlement Monies and Motion for Equitable Distribution.

Upon the evidence presented the Court finds as follows:

1. That it has subject matter jurisdiction to determine the questions raised in the plaintiff's emergency motion, it being the trial court and accordingly the court to which application must be made. § 440.-39(3)(a) F.S.A.

2. That plaintiff has settled his suit against the defendant, Litton, for $125,000.

3. That attorney's fees and costs to be paid out of this settlement figure total $75,-000, leaving a net recovery to the plaintiff of $50,000.

4. That the Worker's Compensation lien holder, Zurich-American Insurance Company, has estimated it will probably pay a total of $225,000 for both past and future benefits.

5. That the full value of plaintiff's claim against Litton is in the sum of one million ($1,000,000.00) dollars.

In making this determination the Court has carefully considered the testimony of defense counsel who testified that he felt plaintiff's case had a full value of between two and three million dollars, and that it also appeared from the discovery that the plaintiff himself was almost entirely at fault in causing his own injuries.

The court has also considered the opinion of plaintiff's attorneys that the full value of their client's case was two million dollars and that liability of the defendants was very questionable.

The court also carefully weighed the testimony of an attorney called as an expert witness by the Worker's Compensation lien holder, who testified that in his opinion the

full value of plaintiff's case was in the range of $750,000 to 1.2 million dollars.

All of the foregoing considered the court found that one million dollars constituted a fair and reasonable evaluation of the full value of the plaintiff's damages.

6. That the plaintiff was himself negligent which negligence was a legal cause of his injury.

Section 440.39(3)(a), Florida Statutes provides as follows:

"... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee. Such proration shall be made by the judge of the trial court upon application therefor and notice to the adverse party..."

The statute mandates that "The ... carrier *shall* recover, .... *after attorneys fees and costs have been deducted,* 100 percent of what it has paid and future benefits to be paid, unless the employee ... can demonstrate that he did not recover the full value of damages sustained because of comparative negligence..."

The issue presented is, therefore, what sums should the carrier recover from the settlement.

Plaintiff argues that the court follow the formula set forth in *National Ben Franklin Insurance Company vs. Hall,* 340 So.2d 1269 (4th DCA 1976) in determining the amount of the Worker's Compensation lien holder's recovery. The court declines to do so as the opinion in *National Ben Franklin* was written in 1976, well prior to the significant 1979 amendments to the Florida Worker's Compensation statutes, and hence is of doubtful value.

In determining the compensation carrier's right of recovery herein, the court notes that plaintiff has made a net recovery of $50,000 after deduction of attorney's fees and costs from the gross settlement figure of $125,000. The net recovery ($50,000.00) constitutes exactly 5% of the full value of his case ($1,000,000.00), the case having been settled at less than its full value because of (1) the grave question of liability on the part of Litton, and (2) the strong probability of a finding of a large percentage of comparative negligence on the part of the plaintiff which would serve to reduce his recovery.

As has been seen, the statute requires that the carrier recover 100 percent of past or future benefits, "... unless the employee can demonstrate that ... he did not recover *the full value of damages sustained ...*"

Under the statute the employee may demonstrate his failure to make full recovery in either of two ways: (1) because of comparative negligence, or (2) because of limits of insurance coverage or collectibility.

The statute does not require the court to consider the degree or percentage of plaintiffs' own negligence. It simply requires a finding that the doctrine of comparative negligence was applicable in the case.

Comparative negligence being present, the carrier may then recover the same percentage of the settlement, as the plaintiff recovered of the full value of his claim. The plaintiff herein recovered five percent of the full value of his claim, after deducting attorneys' fees and costs. The carrier,

therefore, may recover five percent of the benefits paid or to be paid.

 The degree of plaintiffs' own negligence is not to be considered by the court in arriving at any determination of the carriers right of recovery in the case of a settlement since it has already been considered in arriving at the ratio between the full value of the claim and the amount of net recovery.

Obviously where the case is disposed of by a judgment following trial, the amount of plaintiffs own negligence is determined by the trier of fact which serves to diminish the plaintiffs' recovery of the full value of damages sustained.

 The court finds, therefore, that the Worker's Compensation lien holder should be reimbursed in the same percentage as plaintiff. In other words, the Worker's Compensation lien holder should recover 5% of the compensation and medical benefits paid or to be paid (5% × $225,000.) or $11,250. *Sentry Insurance Company vs. Keefe,* 427 So.2d 236 (Fla. 3rd DCA 1983).

WHEREFORE IT IS ORDERED AND ADJUDGED that the Worker's Compensation lien holder, Zurich-American Insurance Company, shall recover from the net proceeds of the plaintiff's settlement against the defendant the sum of $11,250. The Court retains jurisdiction to enforce the provisions of this order.