493 So.2d 64 (1986)
Cheryl D. MILLS, Appellant,
v.
WALDEN-SPARKMAN, INC., and Florida Farm Bureau Insurance Companies, Appellees.
No. BJ-60.
District Court of Appeal of Florida, First District.
August 22, 1986.
*65 H. Guy Smith and C. Kenneth Stuart, Jr. of H. Guy Smith, P.A., Lakeland, for appellant.
Mark A. Glitto of Marlow, Shofi, Smith, Hennen & Smith, P.A., Tampa, for appellees.
JOANOS, Judge.
This cause is before us on appeal from a worker's compensation order denying reimbursement to claimant for transportation costs incurred in obtaining medical treatment. We reverse. An issue raised is whether a family member should be reimbursed for wages lost due to absence from work when providing claimant with transportation to obtain authorized medical treatment.
The facts in this case show that Mills injured her wrist in two industrial accidents. As a result she was under the care of a surgeon in Gainesville, Florida, and had to travel 306 miles roundtrip every time she left home for treatment. According to medical testimony, as a result of her compensable injury Mills was placed in a cast which precluded her from driving herself in her own car, for she could not operate the stick shift. Each of the fourteen times Mills went to Gainesville for treatment, her husband drove her. Each trip to Gainesville resulted in the loss of a day's wages for Mills' husband. At the compensation hearing Mills requested $.20 per mile plus $50.00 per day per trip to cover her husband's lost wages. The deputy commissioner denied the entire claim for transportation expenses, stating that Mills had not shown that she had used "the most economical means of transportation available and suitable in the individual case." In addition, the deputy commissioner held that as to the mileage claim, the claimant had not previously submitted it. We hold that under the circumstances of this case it was error to totally deny the claim for transportation costs.
Section 440.13(4), Florida Statutes (1982) [now 440.13(5)] allows reimbursement for travel expenses to claimants who incur costs when attempting to receive authorized treatment. That section provides:
An injured employee is entitled, as a part of his remedial treatment, care, and attendance, to reasonable actual cost of transportation to and from the doctor's office, hospital, or other places of treatment by the most economical means of transportation available and suitable in the individual case. When the employee is entitled to such reimbursement for transportation by private automobile, it shall be presumed, in the absence of proof, that the actual cost is the amount allowed by the state to employees for official travel.
The statute clearly entitles a claimant to reimbursement of "reasonable actual cost of transportation." Therefore, we remand for an award of transportation costs to be determined based on the following outlined approach:
The claimant is required to first meet her burden of providing evidence that the mode of transportation taken was reasonable and economical under the circumstances, taking into consideration the medical condition of the claimant. The record reflects that Mills met that burden. In this case, Mills apparently not only suffered a wrist injury which precluded her from operating her car, but she was suffering from a post operative depression as well, and was advised against travelling alone by her doctor. The claimant should provide evidence of the cost of the chosen travel as compared to the costs of other reasonably available means of transportation. Once the claimant accomplishes this, the burden *66 shifts to the employer and carrier to supply evidence that a more reasonable and economical transportation method exists, of which claimant could have been aware, but chose not to take advantage of. For example, it was incumbent upon the employer and carrier in this case to show that if the claimant could not drive herself, the cost of hiring a chauffeur or a taxi or some other method to transport her to and from her medical treatments would be both reasonable and less expensive than the method she chose. After weighing the evidence provided by both parties, the deputy should make a determination as to how much the claimant is entitled to reimbursement for travel expenses.
Upon remand both parties will be afforded the opportunity to provide evidence as to the most reasonable and economical means of transportation available to Mills. We point out that if the most reasonable way to be transported was to have someone drive her, the amount of the person's lost wages incurred when acting as a driver for the claimant is not necessarily an appropriate measure for transportation costs. We do not reimburse for wages lost by family members who provide attendant care to workers compensation claimants. Rather, we reimburse for the quantity and quality of attendant care services provided by family members that go beyond those which would normally be provided on a gratuitous basis, i.e., where the provider substantially departs from his usual daily routine to provide such services. Walt Disney World Co. v. Harrison, 443 So.2d 389, 393 (Fla. 1st DCA 1983). In this case, claimant's husband substantially departed from his usual daily work routine each of the fourteen days he drove claimant to Gainesville for treatment. If it was the most reasonable and economical way for someone to drive her, that person should be paid for their costs. The amount should not necessarily be based upon the amount of wages lost but should be a reasonable amount for the services rendered if the wages lost exceed that amount. Unlike attendant care services, reimbursement for transportation costs are allowed only where they are "actual" costs because of the requirements of section 440.13(4), Florida Statutes (1982) [now 440.13(5)]. In other words, not only must they be "reasonable" but they must have been actually incurred. The item in question must have "cost" the claimant or the person providing the service. Therefore, lost wages can qualify as a reimbursable cost but only if the manner of travel was the most economical reasonable way to be transported, the amount was reasonable as to the quality and quantity of services rendered, and the wages were actually lost by the person providing the transportation.
If it was not reasonable to be transported in the manner undertaken by claimant, claimant should be awarded as much of her actual costs as would have provided the most economical, suitable transportation available. We further note that the order determining the transportation costs to be awarded should be sufficiently detailed so that a reviewing court can be intelligently apprised as to the rationale of the deputy commissioner in reaching a result. Ellerbee v. Concorde Roofing Co., 461 So.2d 206 (Fla. 1st DCA 1984). The order on appeal was not sufficient in setting forth the rationale for the deputy commissioner's actions as to the transportation costs.
Reversed and remanded for proceedings consistent with this opinion.
WIGGINTON, J., concurs.
SMITH, J., specially concurs with opinion.
SMITH, Judge, specially concurring.
I concur in the majority's opinion and decision, except for that portion holding that lost wages can qualify as a cost of transportation for medical treatment. Although lost wages may indeed represent a "cost" to the person providing the transportation, such loss is more in the nature of "damages," not recoverable by such person in workers' compensation proceedings, *67 rather than a "cost" of the transportation services provided.