531 So.2d 330 (1988)
Karl NIKULA, Etc., Petitioner,
v.
MICHIGAN MUTUAL INSURANCE, Respondent.
MICHIGAN MUTUAL INSURANCE, Petitioner,
v.
Karl NIKULA, Etc., Respondent.
Nos. 70978, 70998.
Supreme Court of Florida.
September 22, 1988.
Larry Klein of Klein & Beranek, P.A., West Palm Beach, and Babbitt and Hazouri, P.A., West Palm Beach, for petitioner/respondent.
Albert P. Massey, III of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for respondent/petitioner.
SHAW, Justice.
We review Michigan Mutual Insurance v. Nikula, 509 So.2d 334 (Fla. 4th DCA 1987), to answer a certified question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court held that under paragraph 440.39(3)(a), Florida Statutes (1981), where a comparatively negligent worker settles with a third-party tortfeasor, the employer's workers' compensation carrier is entitled to a lien against the settlement proceeds in an amount based upon the ratio of settlement to full value of damages. The district court certified the following question as one of great public importance:
WHERE, IN A WORKERS' COMPENSATION LIENHOLDER'S SUIT FOR A SHARE OF THE INJURED WORKER'S RECOVERY BY SETTLEMENT FROM A THIRD PARTY TORTFEASOR, THE TRIAL COURT HAS DETERMINED A PERCENT OF COMPARATIVE NEGLIGENCE THAT DOES NOT CORRESPOND TO THE RATIO OF THE AMOUNT OF THE SETTLEMENT TO THE TOTAL VALUE OF THE INJURED WORKER'S DAMAGES  ALSO DETERMINED BY THE COURT  HOW IS THE LIEN REDUCTION CALCULATED PURSUANT TO SECTION 440.39(3)(A) [sic], FLORIDA STATUTES?
Id. at 339. We approve the district court decision and hold that under the 1981 version of the statute the carrier's lien shall be based upon the ratio of settlement amount *331 to full value of damages. No separate finding of the percentage of comparative negligence is required.
Gustaf Thorarinsson, now the ward of Karl Nikula, was injured in the scope of his employment in 1982 when he was struck on the head by a piece of scaffolding. Following his injury, Thorarinsson's workers' compensation benefits were paid by Michigan Mutual. Nikula sued the maker of Thorarinsson's hard hat, and the parties settled prior to trial. Nikula then asked the trial court to determine the amount of the lien under paragraph 440.39(3)(a), Florida Statutes (1981), to be placed on the settlement proceeds in favor of Michigan Mutual. The statute reads in part:
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law. The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility.
§ 440.39(3)(a), Fla. Stat. (1981).
The trial court made the following findings: full value of damages, $15,000,000; settlement amount, $3,600,000; and comparative negligence by Thorarinsson, 90%. The court then determined that the lien must be reduced by the 90% comparative negligence figure. Michigan Mutual appealed and the district court reversed, ordering that because Nikula received $3,600,000, or 24% of total damages, the lien should have been for 24% of benefits rather than for 10%. In the present proceeding, Nikula asserts that the lien reduction should be based on the actual percentage of comparative negligence as determined in the lien proceedings, while Michigan Mutual claims that the ratio of settlement amount to full value should be controlling.
Initially, we dismiss as without merit Michigan Mutual's additional claim that the $15,000,000 figure representing full value of damages should be reduced to present value before being used as a basis for lien reduction. Nothing in the record here indicates that the trial court, prior to making its findings, failed to reduce all figures to present value.
Florida courts have not dealt with the particular issue presented here in which the ratio of settlement amount to full value of damages differs from the percentage of comparative negligence. In similar cases, however, in which this ratio and percentage were the same, it is clear that the ratio and not the percentage generally was viewed as controlling. See C & T Erectors, Inc. v. Case, 481 So.2d 499 (Fla. 2d DCA 1985); American States Insurance v. See-Wai, 472 So.2d 838 (Fla. 5th DCA 1985); Sentry Insurance Co. v. Keefe, 427 So.2d 236 (Fla. 3d DCA 1983), superseded by, Cooper Transportation, Inc. v. Mincey, 459 So.2d 339 (Fla. 3d DCA 1984). This same conclusion was reached by at least one federal court dealing with this precise issue. Miceli v. Litton Systems, Inc., 566 F. Supp. 875 (S.D.Fla. 1983). But see Brandt v. Phillips Petroleum Co., 511 So.2d 1070, 1073 n. 3 (Fla. 3d DCA 1987) (degree of negligence should be controlling).
We agree with the district court in the instant case because any other rule would produce irrational results which would be inconsistent with the statutory language and legislative intent. If the percentage of comparative negligence and not the ratio of settlement to full value were controlling, a number of problems would be unnecessarily created. First, attempting to determine the actual percentage of comparative negligence after settlement or judgment introduces an artificial issue which need not be *332 litigated. In the lien proceedings, it is only necessary to determine the presence of comparative negligence and, if present, the full value of damages. The actual amount of the settlement or judgment speaks for itself. Second, in suing the tortfeasor, the worker and compensation carrier share a common interest in obtaining the full value of damages by minimizing comparative negligence. This common interest will be seriously undermined if they anticipate that the worker will later benefit from adopting the contradictory position of asserting maximum comparative negligence. Third, if the settlement amount is above or below the reduced value attributable to the percentage of comparative negligence, one or the other of the parties would receive an undeserved windfall.
In summary, we answer the certified question by holding that, under paragraph 440.39(3)(a), where settlements involving comparative negligence are concerned, the lienholder should be reimbursed in the same ratio as the injured worker. The district court in the instant case correctly applied the 1981 version of the statute to the facts here.[*]
It is so ordered.
OVERTON, McDONALD, GRIMES and KOGAN, JJ., concur.
EHRLICH, C.J., dissents with an opinion, in which BARKETT, J., concurs.
EHRLICH, Chief Justice, dissenting.
There would be no recovery by the carrier except for language of the statute, which is clear. The employer or carrier is given "a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid" and the act entitles the employer or carrier to recover, after attorney fees and costs incurred by the employee have been paid, one hundred percent of what it has paid and future benefits to be paid unless the employee "can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility" (emphasis added).
In the event of trial, the jury determines the amount of the injured employee's damages and his percent of comparative negligence. The statutory proration is the responsibility of the trial court judge, and, in the event of trial and a jury verdict is a simple mathematical computation. For example, if the worker is ten percent comparatively negligent, the carrier's otherwise one hundred percent recovery is reduced by ten percent. If, however, there is a matter of insurance coverage and collectibility, that factor has to be utilized. Continuing the example, if the insurance coverage and collectibility is only sufficient to satisfy half the judgment, the carrier's recovery is further reduced by fifty percent.
Where the claim is concluded by settlement, the proration is still the responsibility of the trial court judge. The amount of the settlement is a given, and the matter of comparative negligence has to be factually determined by the trial judge. We know from experience that in the give and take of settlement negotiations, the parties do take into account whether the case is a "good" or a "bad" one, that is, they evaluate the prospects of the plaintiff's prevailing, which in turn takes into account the negligence of the respective parties and how helpful the witnesses may be to one side or the other. When a settlement is made, the parties agree on a given sum to avoid the uncertainties that inevitably attend a jury trial. The plaintiff avoids making no recovery by taking less than he thinks he may receive from a jury, and the defendant foregoes the possibilities of a not guilty verdict and paying nothing, by paying less than he thinks the jury may award the plaintiff. Both sides in settling endeavor to avoid the ultimate possibilities of trial  for the plaintiff, receiving nothing, and for the defendant, getting hit with a large verdict. In a trial when the plaintiff receives nothing the carrier makes no recovery, but in a settlement, the carrier *333 enjoys the certainty of making some recoupment of what its ultimate liability to the employer may be. It is as much to the benefit of the carrier to have a settlement as it is to the plaintiff. Invariably this settlement figure is always less than the full value of the case, for the reasons mentioned above.
In the case at hand, the trial court found that the injured employee was ninety percent comparatively negligent and reduced the lien by that amount. In my opinion, the trial judge followed the clearly enunciated standard mandated by the legislature.
Nowhere in the statute does it provide that "the lienholder should be reimbursed in the same ratio as the injured worker" in the event of settlement as the court holds. Rather, the legislature says that the carrier is entitled to 100% recovery unless the employee can demonstrate to the court that "he did not receive the full value of damages sustained because of comparative negligence."
Seemingly, as an effort to bolster its logic, the court in its footnote says the statute was amended in 1983 and that the factor for settlements involving comparative negligence under the amendment is the ratio of net recovery to the full value of damages. I do not find this to be true. The 1981 act required that all attorneys fees and costs were to be paid before the carrier participated in the recovery. The 1983 act was amended to provide that the carrier was to pay its pro rata share of the costs and attorneys fees from its recovery, thus reducing its net recovery.
Although the majority's approach to lien reduction in a settlement situation is certainly an equitable one, it is not consistent with the statute. I do not believe that the Court should amend the statute, as it clearly does by its opinion. This should be the sole province of the legislature. For this reason, I dissent.
BARKETT, J., concurs.
NOTES
[*] The statute was amended in 1983 to take into consideration the worker's expenses in pursuing the third-party claim. The controlling factor for settlements involving comparative negligence under the amended version is the ratio of net recovery to full value of damages.