PER CURIAM.
This is an appeal by the employer Foun-tainebleau Hotel and its workers’ compensation carrier Great American Indemnity Co. from a final judgment determining the carrier’s pro rata share (5.89%) of $62,764 in net proceeds [1] of a settlement reached in Ivory Wilcox’s suit against two third-party tortfeasors arising out of the industrial accident in which workers’ compensation benefits have been paid to Wilcox. We reverse and remand the cause to the trial court with directions to give the carrier a 16.76% pro rata share of the $62,764 net recovery from the settlement. We reach this result based on the following briefly stated legal analysis.
First, the 1981 version of Section 440.39(3)(a), Florida Statutes governs this case as to the pro rata distribution rights of the workers’ compensation carrier herein. This is so because the accident sued upon allegedly occurred on March 1, 1982. We reject Wilcox’s appellate argument that the 1983 version of this statute was applicable in this case; indeed, Wilcox contended just the opposite in the court below.
Second, under the above statute, the workers’ compensation carrier herein was entitled to recover from the net proceeds of the settlement ($62,764)
“... 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the *1085 full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collecti-bility.” § 440.39(3)(a), Fla.Stat. (1981).
Third, the trial court determined that Wilcox was guilty of comparative negligence in this case and that he did not recover the full value of his damages because of his comparative negligence; the trial court, however, erroneously felt bound by a subsequent jury verdict against another third-party tortfeasor in this case which found no comparative negligence. In our view, it was the trial court’s finding of comparative negligence which was conclusive in this case, not the subsequent jury verdict against another tortfeasor. The trial court nonetheless correctly decided to award the carrier herein a pro rata share of the net proceeds of the said settlement at less than 100%, § 440.39(3)(a), Fla.Stat. (1981) — although we disagree with the reason given by the trial court, not relevant here, for reaching this correct result. Applegate v. Barnett Bank of Tallafiassee, 377 So.2d 1150 (Fla.1979); Carpenter v. Metropolitan Dade County, 472 So.2d 795 (Fla. 3d DCA 1985).
Fourth, the trial court committed two errors in calculating the pro rata share percentage due to the carrier herein under Section 440.39(3)(a), Florida Statutes (1981).
a. The trial court assessed the total value of the “damages sustained” to be compensatory damages only, namely, $1,065,000. The court specifically declined to include any punitive damages as part of the total value of the claim, although there was uncontradicted evidence that the value of the punitive damages was $200,000. This constituted error because punitive damages, no less than compensatory damages, are part of “the full value of damages sustained,” § 440.39(3)(a), Fla.Stat. (1981), by Wilcox. The total value of such damages was, therefore, $1,265,000.
b. The trial court erroneously deducted the attorney’s fees and costs from the gross recovery of the settlement proceeds in arriving at settlement damages against which the value of the total damages sustained must be compared in calculating the pro rata percentage for the carrier. It is undisputed by the parties that this was unauthorized under Section 440.-39(3)(a), Florida Statutes (1981). Nikula v. Michigan Mut. Ins. Co., 531 So.2d 330 (Fla.1988). The settlement proceeds in this ease are therefore $212,000.
Finally, the correct pro rata share percentage to which the carrier herein is entitled is
$ 212,000 (gross settlement proceeds) = 16.76%
$1,265,000 (total value of damages sustained)

Nikula.

Reversed and remanded.

. $212,000 gross recovery minus $95,625 in attorney’s fees and $54,111 in costs = $62,764 net recovery.