586 So.2d 458 (1991)
UNIVERSITY OF CENTRAL FLORIDA/STATE OF FLORIDA and Crawford & Company, Appellants,
v.
Marvene GLEAVES, Appellee.
No. 90-2201.
District Court of Appeal of Florida, First District.
September 23, 1991.
*459 P. Elizabeth Rice and William H. Rogner of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellants.
Irvin A. Meyers and Frederic M. Schott of Meyers and Mooney, P.A., and Kevin P. Bailey, Orlando, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the judge of compensation claims' order awarding benefits to appellee. We reverse and remand.
As appellants correctly assert, the order on appeal is facially incorrect in its award of temporary partial disability benefits for a period in excess of five years, in contravention of section 440.15(4)(c), Florida Statutes. Although the record does contain some evidence of appellee's temporary partial disability, including hearsay testimony to which appellants did not object, the order is so nonspecific as to the amount of temporary partial disability awarded that meaningful review of that award by this court is impossible. See Trujillo v. Southern Wine and Spirits, 525 So.2d 481 (Fla. 1st DCA 1988). Therefore, we reverse the award of temporary partial disability benefits and remand for entry of an adequately specific order on this issue.
The JCC also erred in assuming jurisdiction to resolve the parties' dispute over a third-party tort-feasor lien when section 440.39(3)(b), Florida Statutes, specifically provides that subject matter jurisdiction of that dispute rests in the appropriate circuit court. Therefore, we strike the portions of the order on appeal which address that question.
Further, the JCC's award to appellee of expenses incurred in traveling for authorized treatment again is so insufficiently detailed that this court cannot be intelligently apprised as to the rationale of the JCC in making such an award and as to the exact amount of the award made. Therefore, we reverse the portions of the order addressing the award of travel expenses and remand to the JCC for entry of a sufficiently detailed order in this regard. See Mills v. Walden-Sparkman, Inc., 493 So.2d 64 (Fla. 1st DCA 1986).
Finally, upon reversal and remand, we direct the JCC to again address the question of the effect of appellee's receipt of sick leave benefits during her period of temporary partial disability, especially in *460 light of the decisions in Brown v. S.S. Kresge Company, Inc., 305 So.2d 191 (Fla. 1975) and Belle v. General Electric Company, 409 So.2d 182 (Fla. 1st DCA 1982). In making his determinations on this issue, the JCC is further directed to provide sufficient detail in his order to apprise the reviewing court of his rationale.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.