ALLEN, Judge.
The claimant appeals a workers’ compensation order by which his reimbursement claim for past attendant care was partly denied. The employer/carrier had previously provided such care, and the judge determined that the claimant needed the continuing care which he obtained after the employer/earrier discontinued this benefit. But the judge awarded reimbursement for attendant care only from the date of the claim, finding that the employer/carrier did not have sufficient prior notice. We conclude that the circumstances, as reflected in the medical and psychiatric reports, were sufficient to at least put the employer/carrier on notice that they should investigate the claimant’s possible need for attendant care. This investigative duty is a well established aspect of the employer/carrier’s obligation to furnish needed benefits. See Attitudes & Trends v. Arsuaga, 616 So.2d 1103 (Fla. 1st DCA 1993); Smith v. DRW Realty Services, 569 So.2d 462 (Fla. 1st DCA 1990); Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987). Upon discontinuing the previous attendant care, the employer/carrier did not investigate or otherwise inquire as to the claimant’s possible need for such continuing care, and reimbursement should not have been limited by the date of the claim.
In the appealed order the judge also referred to an employer/carrier lien on the proceeds of the claimant’s settlement of a third-party action. The circuit court is the jurisdictional forum for any disputes regarding such a lien. University of Central Florida v. Gleaves, 586 So.2d 458 (Fla. 1st DCA 1991); § 440.39(3)(b), Fla.Stat. We therefore strike the language in the order addressing the employer/carrier lien.
The appealed order is reversed' insofar as it denies attendant care reimbursement prior to the date of the claim. The language pertaining to the employer/carrier lien is stricken, and the cause is remanded.
BOOTH and WEBSTER, JJ„ concur.