783 So.2d 321 (2001)
IMC AGRICO MP, INC. and its workers' compensation carrier, Constitution State Service Company, Appellants,
v.
Larry M. FAULK, Appellee.
No. 1D00-1720.
District Court of Appeal of Florida, First District.
April 10, 2001.
*322 Charles E. Bentley, and Chris R. Haughee, of The Bentley Law Group, P.A., Bartow, for Appellants.
H. Guy Smith, of Smith, Feddeler, Smith & Miles, P.A., Lakeland and Susan W. Fox, and Brendan M. Lee, of Macfarlane, Ferguson & McMullen, Tampa, for Appellee.
BENTON, J.
IMC-Agrico MP, Inc. (IMC) and its workers' compensation insurance carrier, Construction State Service Co. (CSS), appeal the final order of a judge of compensation claims. They assert entitlement to an offset against indemnity benefits awarded to Larry M. Faulk, a former IMC employee. On this record, we affirm.
Mr. Faulk was injured in an automobile accident that occurred in the course and *323 scope of his employment with IMC on or about February 22, 1993. William R. Waterson, III, the driver of a truck owned by CTL Distribution, Inc. (CTL) was at fault, at least in part. On April 15, 1993, IMC executed a release of "all claims" against Mr. Waterson and CTL in exchange for a sum of money.
Thereafter, Mr. Faulk brought suit against Mr. Waterson and CTL (and another driver) in circuit court, and IMC filed a notice of claim of lien for payment of workers' compensation benefits in the circuit court proceeding. Faulk v. Waterson, No. GC-G-94-2651 (Fla. 10th Cir. 1994). On October 17, 1996, judgment was entered in favor of Mr. Faulk and against all three defendants in the amount of $703,259.90. IMC did not file a notice of payment and did not otherwise pursue further in circuit court any rights it may have had under its notice of lien.
Mr. Faulk also sought workers' compensation benefits by filing the petition for benefits against IMC and CSS that initiated the proceedings below. To date, IMC and CSS have not actually paid Mr. Faulk any workers' compensation benefits. On April 7, 2000, however, IMC and CSS were ordered to pay temporary total disability benefits, permanent total disability benefits, permanent total supplemental benefits, interest, attorney's fees and costs.
On the present appeal from this order, IMC's only contention is that the judge of compensation claims should have allowed an offset against indemnity benefits. No question of IMC's entitlement to benefit from the settlement proceeds in any amount has ever been presented to a circuit court as contemplated by section 440.39(3)(a) or (when settlement is reached before suit is brought) (b), Florida Statutes (1991). The judge of compensation claims ruled:
I have considered the Employer/Carrier's allegation of entitlement to an offset for the civil judgment received by the Claimant as a result of the February 22, 1993 accident. However, while I find that the Employer/Carrier may be entitled to assert a lien [once they pay workers' compensation benefits], the value of which to be determined by the appropriate circuit court, I find that the Florida Workers' Compensation Law does not provide any entitlement to an offset for the Employer/Carrier against this recovery [in the absence of a circuit court order].
The record does not reveal whether Mr. Faulk's civil judgment was ever satisfied, even in part (or, if so, by whom.) We affirm the denial of an offset in the absence of an order of a circuit court that determines
the extent ... [of IMC's] pro rata share [if any] for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiffs attorney.
§ 440.39(3)(a), Fla. Stat. (1991). But we affirm without prejudice to any proceeding in circuit court which might afford the judge of compensation claims an appropriate predicate for ordering an offset in proceedings subsequently initiated under section 440.28, Florida Statutes.
Absent a stipulation both as to entitlement to an offset and as to its amount, section 440.39, Florida Statutes (1991), contemplates a judicial determination of the net amount of any recovery against a third-party tortfeasor and then of the ratio of the net recovery to the amount of damages a workers' compensation claimant actually suffered, before a judge of compensation claims enters an *324 order authorizing an offset. See Rockhaulers, Inc. v. Davis, 554 So.2d 654, 656-57 (Fla. 1st DCA 1989); see generally City of Hollywood v. Lombardi, 770 So.2d 1196, 1198-1200 & n. 5 (Fla.2000) (reinstating compensation order that relied on judicially determined ratio to fix the amount of an offset). The situation in Rockhaulers closely resembles the situation here:
The second issue concerns the right of a compensation carrier to set off the recovery obtained by an injured employee from a third party tortfeasor against compensation benefits due the injured employee. See § 440.39(1), Fla.Stat. (1987). The section 440.39 provisions limit the amount of the compensation carrier's set-off to its pro rata share of the compensation and medical benefits paid or to be paid, less its pro-rata share of all court costs and reasonable attorney fees expended by the claimant in prosecution of the claim against the third party tortfeasor. See Nikula v. Michigan Mutual Insurance, 531 So.2d 330 (Fla.1988); Williams Heating & Air Conditioning Co. v. Williams, 551 So.2d 559 (Fla. 5th DCA 1989); Employer's Casualty Insurance Co. v. Manfredo, 542 So.2d 1365 (Fla. 3d DCA 1989).
The record in this case reflects that the deceased employee's wife obtained a net recovery of $10,000 from the driver of the truck that hit claimant as he was attempting to aid the other accident victims. However, there is nothing in the record to indicate the date of settlement with the third party tortfeasor, and whether such settlement occurred before or after the claim for workers' compensation death benefits was filed.
Rockhaulers, 554 So.2d at 656-57 (applying version of statute that has not been substantially changed except to codify the holding in Nikula). In Rockhaulers, as in the present case, neither the employer nor its insurance carrier had actually paid benefits at the time the appeal was decided. (In the present case, a petition for benefits was filed before judgment was entered against the third party tortfeasors.) Because the parties in Rockhaulers stipulated that the carrier was entitled to a setoff, the only thing "to be determined by the trial court in accordance with the provisions of section 440.39(3)(a)," 554 So.2d at 657, was the amount of the setoff. Section 3(a) provides that the "determination of the amount of the employer's or carrier's recovery shall be made by the judge of the trial court upon application therefor and notice to the adverse party." § 440.39(3)(a), Fla. Stat. (1991).
In the present case, however, Mr. Faulk does contest IMC's entitlement to an offset. For one thing, Mr. Faulk contends that IMC slept on its rights by failing to perfect its lien in Faulk v. Waterson, No. GC-G-94-2651 (Fla. 10th Cir.1994), before final judgment was entered, a question on which we express no opinion. We are also apprised that the effect of the release IMC gave CTL may be litigated in any circuit court proceeding IMC might initiate pursuant to section 440.39(3), Florida Statutes (1991). The existence of these issues makes the present case even stronger than much of the considerable precedent that supports the proposition that a judicial determination is necessary before the judge of compensation claims orders an offset based on a claimant's recovery in a tort suit.
At least initially, as one commentator flatly states, "application of F.S. [§ ]40.39 and all determinations under it are for the courts, not judges of compensation claims." Paula F. Kelley, Florida Workers' Compensation Practice, § 8.43, at 8-36 (5th Ed.1996) citing Cushman Baking Co. v. Hoberman, 74 So.2d 69, 70 (Fla.1954) (holding that the "Circuit Judge is vested *325 with the sole jurisdiction of making such an order [disallowing altogether setoff employer sought based on employee's recovery from third-party tortfeasor] and there is no appeal provided for to the Deputy Commissioner or to the Full Commission"); Murray v. Harborside Hosp., 634 So.2d 1129, 1130 (Fla. 1st DCA 1994) (construing § 440.39(3)(b), Fla. Stat.); University of Cent. Fla. v. Gleaves, 586 So.2d 458, 459 (Fla. 1st DCA 1991) (same).
Affirmed.
VAN NORTWICK and LEWIS, JJ., concur.