PALMER, J.
Orlando Regional Healthcare System and United Self Insured Service appeal the trial court’s final order setting the value of their workers’ compensation lien at zero dollars. The lien was filed in ap-pellee Virginia Tiznado’s negligence lawsuit against a third-party tortfeasor for injuries she sustained in an automobile accident which occurred while she was in the course and scope of her employment. Concluding that the trial court did not have sufficient evidence before it to sustain said valuation, we reverse.
Tiznado was allegedly injured when a third-party tortfeasor crashed into her car. She filed a workers’ compensation claim with her employer, Orlando Regional Healthcare Systems, which was insured by United Self Insured Services (collectively “insurer”). The insurer denied Tiznado’s claim, based upon its determination that she was not acting in the course and scope of her employment when the accident occurred. Tiznado challenged the denial by filing suit. The matter eventually went to trial where Tiznado prevailed on her workers’ compensation claim and was awarded compensation and benefits. Although the insurer lost at trial, it continued to withhold payment of Tiznado’s benefits while appealing the award to the First District Court of Appeal.[1]
Meanwhile, Tiznado filed the instant negligence lawsuit against the third-party tortfeasor. Insurer filed a notice of lien in that lawsuit, asserting a lien for the amount of workers’ compensation benefits paid or to be paid to Tiznado against the proceeds that she might recover from the third-party tortfeasor. See § 440.39, Fla. Stat. (1997).[2] When Tiznado settled the *1269 lawsuit with the third-party tortfeasor she wanted to file a notice of dismissal with prejudice, but could not do so because of the insurer’s notice of lien. Therefore, Tiznado filed a motion to strike the lien, arguing that section 440.39 of the Florida Statutes (1997) did not authorize the imposition of a lien because the insurer had denied Tiznado’s claim and had not paid her any benefits since the accident occurred.
In support of its lien, the insurer presented the trial court with various documents from Tiznado’s workers’ compensation file including her initial claim, the judge’s award, and the initial appellate brief filed in the First District. The insurer argued that the lien should not be stricken because the insurer has a potential right to receive a set-off against the proceeds of the lawsuit for workers’ compensation benefits that may be paid in the future. The insurer also asked the trial court to stay the proceedings until the First District ruled on Tiznado’s entitlement to receive such benefits. Instead of staying the case, the trial court granted Tiznado’s motion to strike the lien based upon its determination that the imposition of a lien is proper only when workers’ compensation benefits have been paid.
The insurer filed a notice of appeal relating to the trial court’s order granting Tiznado’s motion to strike the lien. This court sua sponte issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction based on the fact that the trial court’s order was a non-final, non-appealable order. The non-final nature of the order arose from the fact that, although the order granted the motion to strike the lien, it failed to actually strike the lien. Following the receipt of responses from the parties, this court relinquished jurisdiction to the trial court with instructions to enter a final, appeal-able order.
Upon relinquishment, rather than simply entering a final order striking the lien, the trial court entered a “final order on workers’ compensation lien” which found the value of the insurer’s lien to be zero dollars. Thereafter, the insurer filed an amended notice of appeal challenging this order.
The insurer contends that the trial court erred by setting the lien value at zero dollars because the court failed to determine the ratio of Tiznado’s net tort recovery to the full value of her claim as required by section 440.39 of the Florida Statutes, and the ruling defeats the public purpose of the statute to prevent a claimant from receiving a double recovery from the tortfeasor and the insurer for the same accident. We agree.
Section 440.39(3)(a) of the Florida Statutes (1997) provides that an insurer may file a notice of payment of compensation and medical benefits which “shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid ...” Thus, the plain language of the statute authorizes a lien to be imposed once a lawsuit has been filed against a third-party tortfeasor and the claimant has filed a claim for workers’ compensation benefits, regardless of whether the insurer has yet paid the claimant any benefits.
The statute further provides that, “in determining the employer’s or carrier’s pro rata share ... the employer or carrier *1270 shall recover from the judgment or settlement [minus certain deductions] ..., 100 percent of what it has paid and future benefits to be paid, except, if the employee or dependent can demonstrate to the court that he or she did not recover the full value of damages sustained.” § 440.39(3)(a), Fla. Stat. (1997). Review of this language demonstrates that the trial court erred in setting the insurer’s lien value at zero dollars because, in doing so, the court did not determine the insurer’s pro rata share of the recovery in order to offset any workers’ compensation benefits paid. See IMC Agrico MP, Inc. v. Faulk, 783 So.2d 321 (Fla. 1st DCA 2001).[3] Like the claimant in Faulk, Tiznado petitioned for workers’ compensation benefits prior to filing her complaint against the third-party tortfeasor and the insurer filed a notice of lien in the third-party action. Also, like in Faulk, at the time of appeal, the insurer had not yet paid any benefits to Tiznado. Based on these similar facts, the Faulk court held:
Absent a stipulation both as to entitlement to an offset and as to its amount, section 440.39, Florida Statutes (1991), contemplates a judicial determination of the net amount of any recovery against a third-party tortfeasor and then of the ratio of the net recovery to the amount of damages a workers’ compensation claimant actually suffered, before a judge of compensation claims enters an order authorizing an offset.
Id. at 323 (citations omitted).
Under section 440.39, once the insurer filed its notice of lien it was entitled to obtain a judicial determination of the net amount of Tiznado’s recovery against the third-party tortfeasor and the ratio of the net recovery (i.e., total settlement minus costs and attorneys’ fees) to the amount of damages she has actually suffered. Tizna-do had the burden to show that the recovered value was less than the full value of her claim before the trial court could determine the value of the insured’s lien. See Nikula v. Michigan Mut. Ins., 531 So.2d 330 (Fla.1988); Williams Heating & Air Conditioning Co. v. Williams, 551 So.2d 559 (Fla. 5th DCA 1989); Employer’s Cas. Ins. Co. v. Manfredo, 542 So.2d 1365 (Fla. 3d DCA 1989), approved, 560 So.2d 1162 (Fla.1990); see also Edmondson v. Swope, 395 So.2d 553 (Fla. 5th DCA 1980); Ramar-Dooley Constr. Co. v. Norris, 341 So.2d 546 (Fla. 2d DCA 1977). Since the parties did not have an opportunity to present evidence as to the amount of any lien because the trial court initially granted Tiznado’s motion to strike and then later amended the order and set the value of the lien at zero dollars, the trial court’s order must be reversed and this matter remanded for proceedings consistent with the statute.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ORFINGER, R.B., J., concurs.
GRIFFIN, J., dissents, with opinion.

. The First District recently affirmed the trial court's order finding in favor of Tiznado as to all issues. Orlando Regional Healthcare System v. Tiznado, 787 So.2d 977 (Fla. 1st DCA 2001).

. Section 440.39(2) of the Florida Statutes (1997) states, in pertinent part, "If the injured employee or his or her dependents recovers from a third-party tortfeasor by judgment or settlement, either before or after the filing of suit, before the employee has accepted compensation or other benefits under this chapter or before the employee has filed a written claim for compensation benefits, the amount *1269 recovered from the tortfeasor shall be set off against any compensation benefits other than for remedial care, treatment and attendance as well as rehabilitative services payable under this chapter.”

. Although Faulk arrived in the district court of appeal from an order of the judge of corn-pensation claims, the case is sufficiently similar to support the insurer's position.