78 So.2d 694 (1955)
Wilford A. BAUGHMAN, Appellant,
v.
The AETNA CASUALTY & SURETY COMPANY, Lien Claimant, Appellee.
Supreme Court of Florida. Division B.
February 16, 1955.
Rehearing Denied April 5, 1955.
*695 Boone & Swanson, Jacksonville, for appellant.
Francis P. Conroy, Mark Hulsey, Jr., Marks, Gray, Yates & Conroy, Jacksonville, for appellee.
THOMAS, Justice.
An employee secured a judgment against a third party tort-feasor and the judgment was paid. The employer's insurance carrier filed a notice setting out the amounts it had paid as compensation and medical benefits and indicating that it would undergo further expense to effect a cure of the employee's injury. This notice became a lien on the judgment for the amount that the court would decide to be the pro rata share of the insurance carrier after deducting the carrier's pro rata part of court costs and attorneys' fees. Sec. 440.39(3), Florida Statutes 1951, and F.S.A.
The judge ordered that the insurance carrier be reimbursed for the amount of compensation paid and the cost of medical benefits furnished and that it be allowed an additional sum for "future compensation and [medical] benefits * * * reduced to its present value in the amount of $254.38."
In his first question the appellant challenges the action of the judge in taking into consideration anticipated expenditures for medical care of the employee in arriving at the proper distribution of the proceeds of the judgment.
The parties seem to agree that no claim was made in the action for medical expense, past or future, and an examination of the complaint confirms the view. But from our study of the appellant's brief, it is apparent that he does not press the objection to the allowance to the appellee for medical benefits already received by him so that phase of the controversy is not decided. He does, however, urge the impropriety of an adjudication of future medical benefits. In this position we think he is correct and we reach the conclusion simply because of the unambiguous provisions of the statutes. Under Sec. 440.39(3), supra, in successful actions brought by the injured employee against third party tort-feasors, the court is empowered to determine the pro rata share of the employer or insurance carrier "for compensation benefits paid", while the allowance *696 under the next paragraph, applicable when actions are brought by employers or their insurance carriers upon failure of the employee to sue within one year, is not only for compensation and medical benefits paid, but also for "future compensation benefits payable, to be reduced to its present value * * *." (Italics supplied.) See Arex Indemnity Co. v. George Radin and Florida Industrial Commission, Fla., 77 So.2d 839.
From the phraseology of these two paragraphs we cannot arrive at any construction but that in actions by the employee there is no provision for the recovery by the employer or carrier of amounts for future medical benefits.
So on this point we think the judgment must be reversed.
The appellant next questions the correctness of the judge's order reimbursing the insurance carrier in full for the amounts spent for compensation and medical care instead of applying the provision for "pro rata" distribution. The appellant was awarded a verdict of $17,500 and the judgment was paid so the judge must have concluded that the employee was adequately compensated and that, therefore, the carrier should be fully reimbursed for amounts paid. After the allowance for future medical expense is eliminated there is no reason to interfere with that phase of the order. Arex Indemnity Co. v. Radin, Fla., 72 So.2d 393.
We cannot agree with appellant in his charge that error was committed by the judge when he ordered the appellee to pay to plaintiff's attorneys thirty per cent of the sum allotted to the appellee. This, of course, fixed a reasonable fee at thirty per cent of the amount of recovery. The appellant complains of this determination of the fee because it does not coincide with the contract between the appellant and his attorneys providing for a fee of forty per cent. The question is easily answered in appellee's favor. The statute provides for a reasonable fee to be set by the judge in a distribution he may consider equitable. There is no reason to hold that there was any abuse of equitable principles when the judge decided that thirty per cent of the recovery was adequate compensation for the services of the attorneys. Though the employee might freely contract, so far as he was concerned, about the proportionate amount he would pay his attorneys he could not bind the court to his agreement. And as for his plea that his contract has been impaired, it is only necessary to say that the statute empowering the court to determine the amount of a reasonable fee to be charged to the employer or insurance carrier was present on the statute books when the appellant made his arrangement with his lawyers. Also, when the appellant accepted the advantages of the Workmen's Compensation Law he accepted with them the burdens and conditions imposed.
We agree with the appellant with reference to the taxation against the appellee of its pro rata share of that part of the court costs which were not taxed against the defendant in the case.
The court allowed the appellant nothing at all on this portion of the costs and we think that was error. Although the judge could use his discretion in fixing the amount, we do not believe he was exercising it properly when he did not require the appellee to pay any part of the costs incurred by the appellant, above those paid by the defendant, when the appellee obviously benefited from the recovery to the extent of the amount awarded it in the post trial proceedings.
We conclude that the order should be revised by eliminating any allowance for future medical benefits and by charging the appellee with its pro rata share of the court costs incurred and not taxed against the defendant. Otherwise the order is affirmed.
Affirmed in part; reversed in part.
MATHEWS, C.J., and HOBSON and DREW, JJ., concur.