ANSTEAD, Judge.
At issue is whether the lien rights of a workmen’s compensation insurer under the provisions of Section 440.39(3)(a), Florida Statutes (1975) include future medical benefits payable to the injured employee. The trial court considered such benefits in determining the amount due the insurer out of *154 the recovery made by the injured worker from a third-party tortfeasor.
We believe the plain language of Section 440.39(3)(a) supports the trial court’s conclusion. That section provides in part:
Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of the law. [The employer or carrier shall recover . 100 percent of what it has paid and future benefits to be paid. . . . ] (emphasis added)
We believe “future benefits to be paid” includes future medical benefits.
The appellant cites two cases which he contends require a different result. The first, Baughman v. Aetna Casualty & Surety Co., 78 So.2d 694 (Fla.1955), held that future medical benefits could not be recovered under Section 440.39(3), the predecessor of (3)(a), because the unambiguous language of that section only provided for recovery of benefits already paid. In other words no future benefits, either wage loss or medical expenses, were provided for in the statute, so none could be recovered. We don’t believe Baughman is on point. However, the other case cited, General Fire & Casualty Co. v. First National Bank of Tampa, 306 So.2d 193 (Fla. 2d DCA 1975), does appear to hold that the statute in question there, the 1973 version of Section 440.39(3)(a), did not allow for recovery of future medical benefits even though future compensation benefits could be recovered. That case relied on Baughman, supra, and a reading of all of the provisions of Chapter 440. The only material difference we can observe in the 1977 version of the statute as compared to the 1973 version is the omission of the word “compensation” from the second sentence of Section 440.39(3)(a) so that instead of providing for the recovery of future “compensation” benefits to be paid, the section now provides for the recovery of future benefits to be paid. We are not certain of the reasons for the holding in General Fire, supra, but do not believe it can be predicated on the Baughman case, supra. It may be that the word “compensation” was deemed to limit the recovery of future benefits only to wage loss benefits. If so, that restriction no longer applies.
We believe that a plain reading of Section 440.39(3)(a) indicates that the carrier was entitled to recovery for both future wage loss benefits and future medical benefits. In this case the trial court, after determining the percentage of recovery to which the carrier was entitled,[1] also provided that such percentage would apply to future benefits payable by the carrier. To us that makes good sense and is mandated by the clear language of the statute.
Accordingly, the judgment of the trial court is affirmed.
LETTS, C. J., and GLICKSTEIN, J., concur.

. See National Ben Franklin Insurance Co. v. Hall, 340 So.2d 1269 (Fla. 4th DCA 1976).