511 So.2d 1070 (1987)
George BRANDT and Cynthia Brandt, His Wife, Appellant,
v.
PHILLIPS PETROLEUM COMPANY, et al., Appellees.
No. 86-1229.
District Court of Appeal of Florida, Third District.
August 25, 1987.
*1071 Ress, Gomez, Rosenberg, Howland and Mintz and Keith A. Truppman, North Miami, for appellants.
Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey and Eugene L. Heinrich and Lillian P. Wolf, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
In this appeal, George Brandt contends that, in calculating the lien imposed on his third-party tort settlement to recover past and future worker's compensation benefits payments to him by his employer, the trial court failed to reduce his employer's credit against future payments by a proportionate share of the costs and attorney's fees that Brandt incurred in effecting the settlement which precipitated the lien. Because we conclude that the trial court did not properly apply the formula set forth in Section 440.39, Florida Statutes (1983), we reverse the judgment below with directions that the amount due Phillips for past benefits paid be recalculated and that the credit Phillips is to receive against future payments to Brandt be reduced by Phillips' pro rata share of Brandt's costs and attorney's fees.

I.
After he was injured in the course of his employment in 1983, Brandt received worker's compensation benefits from his employer, Phillips Petroleum. When Brandt sued the third-party who caused his injuries, Phillips filed a lien to recover all past and future benefits paid and to be paid by it to Brandt from any damages Brandt might recover from the third-party tortfeasor. Prior to trial, Brandt and the tortfeasor settled the claim for $150,000; however, because Brandt's attorney's fees and costs totalled $62,456.69, his net recovery was only $87,543.31. Brandt then requested the trial court to equitably distribute the amount of Phillips' lien for past and future benefits paid by it and apportion Brandt's attorney's fees and costs pursuant to Section 440.39(3)(a), Florida Statutes (1983).[1] *1072 After determining that Brandt was 25 percent comparatively negligent and thus that he had not recovered the full value of his claim, the trial court calculated the pro rata percentage of attorney's fees and costs to be charged against Phillips' lien for past benefits as 12.82 percent, reflecting the ratio of past benefits received from Phillips to the gross amount received from the tortfeasor.[2] The court then multiplied Brandt's net recovery ($87,543.31) by .1282 to derive Phillips' share of the recovery costs ($8,006.94) and subtracted the latter figure from the amount that Phillips had paid to Brandt in worker's compensation benefits, yielding $11,225.06. Next, the court reduced this figure by Brandt's 25 percent comparative negligence, resulting in the total amount due Phillips for past benefits paid of $8,418.75.
In regard to Phillips' future benefits lien, the trial court reduced it by Brandt's 25 percent comparative negligence and determined that Phillips was entitled to a 75 percent reduction of all future benefits to be paid Brandt until the amount Phillips retained totalled Brandt's net recovery, $87,543.31. Thereafter, Phillips would be obligated to pay one hundred percent of all future worker's compensation benefits. On rehearing, the trial court corrected the amount at which Phillips' duty to pay one hundred percent of future benefits would resume by reducing Brandt's net recovery by the past benefits lien ($8,418.75). Phillips would have to resume full payment when the amount retained from future payments reached $79,124.56, thus reflecting the satisfaction of the past benefits lien. However, notwithstanding the statutory requirement, the court refused to charge a pro rata share of the costs of recovery against Phillips' future benefits lien.

II.
Brandt contends that the trial court was required by statute to reduce Phillips' credit against future benefits payments in the same manner as Phillips' lien for past benefits payments should have been reduced  a straight 41.64 percent (the ratio of costs and attorney's fees to the gross recovery). Brandt argues that without such a proration of fees and costs against future benefits payments, Phillips would unfairly receive the benefits of Brandt's efforts without sharing the costs of obtaining recovery. Phillips asserts that the proper pro rata share of attorney's fees and costs is the ratio between the total benefits paid and the employee's gross recovery. Thus, because the ratio changes with each future payment (as the total amount of benefits paid increases), there should be no pro rata deduction of attorney's fees and costs from future benefits payments. Phillips further asserts that since future payments are uncertain, attorney's fees and costs should be pro rated based only on the amount of worker's compensation benefits already paid, notwithstanding the windfall to the employer or carrier in the event future payments are made. Anything else, Phillips contends, would create a windfall for the employee and double-charge the employer since the employer's recovery is limited to the employee's net recovery, from which costs and attorney's fees have already been deducted.

III.
Before Section 440.39 was amended in 1983 to expressly direct the proration of *1073 the employee's attorney's fees and costs, an employer was entitled to recover the amount of past worker's compensation benefits it had paid, reduced by the extent that its employee failed to recover the full value of his damages (due to the employee's comparative negligence, uncollectible judgments, or under-insurance) from the employee's net third party tort recovery, without otherwise sharing in the costs the employee incurred in procuring the recovery. § 440.39(3), Fla. Stat. (1981); Aetna Insurance Co. v. Norman, 468 So.2d 226 (Fla. 1985). As directed by the statute, the net recovery figure was obtained by subtracting the employee's attorney's fees and costs from his gross recovery from the third party. The employer would then reduce any future worker's compensation benefits payments to the employee by the percentage that the employee did not obtain full recovery (here, the percentage of comparative negligence) until the employer had recovered (under its past benefits lien) and retained (from its future benefits payments) an amount equal to the employee's net third party recovery, thus exhausting the fund upon which the lien could attach. The employer would then resume full benefits payments. Aetna Insurance Co. v. Norman, 468 So.2d at 228.
The Florida Legislature amended this calculation by directing that the employer's recovery of its "pro rata share of benefits paid or to be paid" be reduced by its
"pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney. In determining the employer's ... pro rata share of those costs and attorney's fees, the employer ... shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney's fees." § 440.39(3)(a), Fla. Stat. (1983).
Although there are no Florida cases which have yet interpreted this provision, the express statutory formula is clear: the employer's "pro rata share" is simply defined as the "amount equal to the percentage of the judgment which is for costs and attorney's fees." As such, Phillips' benefits lien (past and future) should be reduced by 66.64 percent (41.64 percent for recovery costs plus 25 percent for Brandt's comparative negligence),[3] yielding a net present reimbursement to Phillips of $6,415.80 for worker's compensation benefits already paid. Phillips would then be entitled to withhold 33.36 percent of each future payment until Brandt's net third-party tort recovery was exhausted.
This formula obviates the objections Phillips raises to the application of the method used by the trial court to future payments. This method and those typical of other states, see Annot., Workmen's Compensation: Attorney's Fee or Other Expenses of Litigation Incurred by Employee in Action Against Third Party Tortfeasor as Charge Against Employer's Distributive Share, 74 A.L.R.3d 854 (1976), derive the employer's share of costs and fees either from the ratio which the total worker's compensation benefits paid (including future benefits) bears to the gross third party recovery or from the ratio of net recovery to actual damages sustained, regardless of the employee's comparative negligence. Phillips' argument that the uncertainty of future payments makes the inclusion of this amount in apportioning recovery costs to the employer an unwarranted windfall to the employee does not apply to *1074 the statutory formula set forth in Section 440.39, Florida Statutes, because the statute does not use the total amount of worker's compensation benefits received by the employee as a factor in allocating the employer's share of recovery costs. Rather, Phillips' argument concerns only those formulae which use the ratio of total (past and future) worker's compensation benefits to the employee's gross recovery.
Phillips' second contention is that it should not be charged a share of Brandt's recovery costs because the limitation of its lien to the net amount of the employee's recovery, $87,543.31, rather than the gross amount, $150,000, in effect charges Phillips for all of the employee's attorney's fees and costs. However, such a cap on the employer's recovery  in addition to the proration of fees and costs  is specifically required by the statute. See § 440.39(3)(a), Fla. Stat. (1983) ("Subject to this deduction [for the Employer's pro rata share of recovery costs], the Employer ... shall recover from the judgment, after costs and attorney's fees incurred by the employee ... have been deducted, 100 percent of what it has paid and future benefits to be paid... .") (emphasis added). More importantly, such a "double deduction" is not unfair to the employer because worker's compensation benefits are not designed to fully compensate the employee for his loss and thus there is no direct dollar-for-dollar correlation that can be made between the employee's tort recovery and his worker's compensation benefits. Under the worker's compensation system, the cost of industrial injuries is shared by the employee and industry, and the employee absorbs a substantial portion of his loss. Atleson, Workmen's Compensation: Third Party Actions & the Apportionment of Attorney's Fees, 19 Buffalo L.Rev. 515, 520 (1970). Worker's compensation,
"unlike a tort recovery, does not pretend to restore to the claimant what he has lost; it gives him a sum which, added to his remaining earning ability, if any, will presumably enable him to exist without being a burden to others."
1 Larson, Workman's Compensation Law § 2.50.
The retention of rights against third parties for the protection of the worker and his family, despite the general acceptance of the enterprise liability concept of worker's compensation laws, acknowledges that benefits provided by existing compensation acts are not expected to be full payment for all losses suffered. McCoid, The Third Person in the Compensation Picture: A Study of the Liabilities and Rights of Non-Employers, 37 Texas L.Rev. 389, 401 (1959). Therefore, the employee should not be required to reimburse his employer for worker's compensation payments out of the gross amount of his tort recovery because the employee would eventually end up having to repay the employer out of his own pocket.[4]

IV.
Because Section 440.39 utilizes the ratio of recovery costs to gross recovery to apportion attorney's fees and costs, the problems of contingent future benefits and possible windfalls to either party never come into play because the ratio does not change with the payment (or nonpayment) of worker's compensation benefits in the future  the total amount of worker's compensation benefits is not a factor used to determine the employer's pro rata share of the employee's recovery costs. Because the trial court used the wrong formula to determine Phillips' lien for past benefits and did not apportion the recovery costs against Phillips' future credit, the judgment under review *1075 is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Section 440.39(3)(a), Florida Statutes (1983), provides:

"In all claims or actions at law against a third-party tortfeasor [by the employee,] the employer ... may file a notice of payment of compensation and medical benefits ..., which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid ..., less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney. In determining the employer's... pro rata share of those costs and attorney's fees, the employer ... shall have deducted from its recovery a percentage amount equal to the percentage of the judgment which is for costs and attorney's fees. Subject to this deduction, the employer ... shall recover from the judgment, after costs and attorney's fees incurred by the employee ... in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee ... can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility."
(emphasis indicates portion inserted by Chapter 83-305, Section 15, Laws of Florida (effective June 30, 1983)).
[2] At the time of the hearing, Brandt had received $19,232 in worker's compensation benefits from Phillips. That amount is 12.82 percent of $150,000.
[3] The question certified in Michigan Mutual Insurance v. Nikula, 509 So.2d 334, on reh'g, 509 So.2d 339 (Fla. 4th DCA 1987), is not squarely presented by this appeal because the trial court did not establish what Brandt's total damages were. Nonetheless, we note our disagreement, and thus apparent conflict with, the Fourth District's decision to restrict the trial court's discretion in determining the employer's or carrier's lien to the actual ratio of the gross settlement amount to the injured worker's total damages. We see no greater difficulty in quantifying the amounts unrecovered due to comparative negligence, insurance limits or collectibility than in determining the full value of an injured worker's damages; certainly we see none that would justify reading into the statute a nonexistent distinction between judgments and settlements. The statute simply and sensibly reduces the employer's or carrier's otherwise 100 percent recovery by the percentage of the employee's comparative negligence or the limits of insurance coverage and collectibility.
[4] For example, where an employee received a $100,000 tort recovery and his recovery costs totalled 40 percent, or $40,000, if his total worker's compensation benefits somehow reached $80,000 in the future (because his condition worsened), under Phillips' argument, the employee would have to reimburse his employer an additional $20,000 from his own funds because he "recovered" $100,000, even though he received only $60,000. The employee could still owe the employer more money than he actually received even if the employer's recovery was reduced by a share of the employee's attorney's fees and costs. This undesirable result completely contravenes the purpose of the worker's compensation system.