PER CURIAM.
The order under review, which discharges and dismisses the petition for rule nisi filed by the appellant, a workers’ compensation beneficiary, is reversed and the cause is remanded for further proceedings upon a holding that the third-party liability tort action workers’ compensation lien settlement involved herein — interpreted liberally in favor of the beneficiary[1] and in accord with the Workers’ Compensation Act third-party liability compensation lien statutory provisions and decisional law thereunder in effect on April 4, 1972, the date of the appellant’s compensable accident [2] — does not encompass within its terms and operation future medical benefits, such as the subject attendant care expenses formally adjudicated by the deputy commissioner as due and owing one year after the entry of the settlement.[3] The court below should have ordered appellee, appellant’s employer’s workers’ compensation carrier, to pay 100% of the subject attendant care expenses rather than the 80% offered under appellee’s incorrect interpretation of the settlement’s coverage.
The order under review is reversed and the cause is remanded to the trial court with directions to grant appellant’s petition for a rule nisi in accord with the views expressed in this opinion.
Reversed and remanded.

. See Boden v. City of Hialeah, 132 So.2d 160, 162 (Fla.1961); Cook v. Georgia Grocery, Inc., 125 So.2d 837, 842 (Fla.1961).

. Kerce v. Coca-Cola Co.-Foods Div., 389 So.2d 1177, 1177 n. 1 (Fla.1980); Simmons v. City of Coral Gables, 186 So.2d 493, 495 (Fla.1966).

.See General Fire & Casualty Co. v. First Nat'l Bank of Tampa, 306 So.2d 193, 193-94 (Fla. 2d DCA 1975); § 440.39(3)(a), Fla.Stat. (1971). But cf. Gangler v. South Fla. Crane Serv., 385 So.2d 153, 154 (Fla. 4th DCA 1980) (interpreting 1977 version of compensation lien statute); § 440.39(3)(a), Fla.Stat. (1977) and (1979).