586 So.2d 1273 (1991)
McARTHUR FARMS and General Accident Insurance, Appellants,
v.
Mark PETERSON, Appellee.
No. 91-126.
District Court of Appeal of Florida, First District.
September 30, 1991.
*1274 Brian D. DeGailler of Jeffery, Thomas & Marshall, P.A., Maitland, for appellants.
Edward J. Hurt, Sr. of Orlando, Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
WOLF, Judge.
McArthur Farms and General Accident Insurance, employer and carrier (E/C) appeal from a final order of the judge of compensation claims (JCC) which awarded certain costs to Jacqueline Peterson, wife of the deceased claimant, Mark Peterson (claimant). The E/C asserts that the JCC improperly interpreted a joint settlement agreement between the parties by holding the E/C responsible for payment of all claimant's costs associated with prosecution of the claim, rather than just taxable costs. We agree and reverse.
The claimant was involved in an industrial accident. Following a hearing, the JCC awarded certain compensation benefits to the claimant. The order, which was entered on September 22, 1988, also included an award of attorney's fees. The E/C appealed the JCC's order. The claimant filed a cross appeal. During the pendency of the appeal, the claimant died.
On July 5, 1989, claimant, through his wife, and the E/C entered into a stipulation and joint petition for lump-sum settlement. As part of the stipulation, it was agreed that the parties would dismiss all appeals of the previous order.
In pertinent part, the stipulation read
a. The EMPLOYER, through its authorized CARRIER, shall pay Sixty Five Thousand Dollars ($65,000.00) to the CLAIMANT.
b. The above-named counsel for the CLAIMANT have performed services for their client and are entitled to a reasonable attorney's fee. The EMPLOYER/CARRIER *1275 agrees to pay the CLAIMANT'S attorney a reasonable fee for services rendered the Claimant in connection with their representation in the amount of One Hundred Twenty Thousand Dollars ($120,000.00).
c. It is stipulated by and between the parties that the EMPLOYER/CARRIER will pay the CLAIMANT ____, the CLAIMANT'S costs in connection with this claim.
d. It is further stipulated by and between the parties that the liability of the EMPLOYER/CARRIER as set forth in the September 22, 1988 Order of the Deputy Commissioner is also fully and finally discharged by the terms of this Joint Petition.
The JCC approved the settlement.
On November 7, 1990, counsel for the claimant submitted to the JCC the bills which he contended should be paid by the E/C in accordance with the stipulation. Those bills included
1. A bill from Dr. Edelman for an evaluation conference, court appearance, and deposition totaling $1,185.
2. A bill from Valerie Denner, professional consultant, for an interview, review of medical records, and testimony totaling $350.
3. A bill from Shepherd, McCabe & Cooley, attorneys for the claimant, for $1,500 for preparation of the answer brief of appellee and initial brief of cross appellant in case number 88-2708.
The E/C objected to portions of the aforementioned costs contending they were not taxable costs contemplated by the stipulation.[1] The E/C also asserted that the award of additional attorney's fees related to the appeal was unauthorized since they had agreed to pay $120,000 in attorney's fees in the stipulation, and that the stipulated amount included the attorney's fees for the prior appeal. Claimant responded that the stipulation referred to costs rather than taxable costs and, thus, the E/C was responsible for all costs incurred by the claimant in prosecution of the claim.
On December 5, 1990, the JCC entered an order in which he found
[a]fter reading the settlement stipulation wherein it appears that the claimant's attorneys took a substantial reduction in their fee in order to obtain this settlement and that whereas the stipulation specifically says `costs' and does not have a limiting adjective prior to the word `costs' it is my interpretation that the word `costs' includes all costs whether it be taxable or not.
Based upon this interpretation, the JCC awarded all requested costs. We find that this was error.
Generally, a prevailing party may only collect taxable costs rather than all costs which they have incurred. See § 57.041, Fla. Stat. (1989); Kay v. Katzen, 568 So.2d 960 (Fla. 3rd DCA 1990). The same rule is applicable to prevailing parties in workers' compensation cases. G.W. Wood Products v. Parrott, 447 So.2d 407 (Fla. 1st DCA 1984); Houck v. Guettler & Sons, 450 So.2d 1267 (Fla. 1st DCA 1984); § 440.34(3), Fla. Stat. The general rule prevails notwithstanding the fact that neither section 57.041, Florida Statutes, nor section 440.34(3), Florida Statutes, is limited by its specific terms to taxable costs.
The stipulation of the parties does not indicate that they wished to depart from the generally accepted meaning of collectable costs. The word "costs" is commonly used without a limiting adjective, and no intent can be inferred or interpreted by such a common ambiguity. No evidence has been presented, nor can it be inferred, that the parties intended that the E/C be responsible for all costs in return for the claimant's attorney accepting a reduced fee. Houck v. Guettler & Sons, 450 So.2d 1267 *1276 (Fla. 1st DCA 1984). Absent proof to the contrary, it must be presumed that the parties intended that the word "costs" had its generally accepted meaning, and that the E/C is only responsible for taxable costs.
In addition, no portion of the award which represents payments to the claimant's attorneys for work done on a prior appeal may be included as costs. Attorney's fees are not properly includable as costs and may be awarded only where there is statutory authority for such an award or where there has been a specific agreement between the parties providing for the award of fees. City of Miami Beach v. Bules, 479 So.2d 205 (Fla. 3rd DCA 1985). In the instant case, the agreement between the parties evinces a specific intent to not award additional fees. The settlement included an agreement that the E/C would pay $120,000 in attorney's fees in connection with the proposed claim. All work done on the prior appeal concerned the original claim and was performed prior to the execution of the stipulated agreement. There is no evidence that these fees were excluded from the stipulation. Where the parties have stipulated to an amount of reasonable attorney's fees, it is error to award additional fees. Houck v. Guettler & Sons, 450 So.2d 1267 (Fla. 1st DCA 1984).
In the instant case, the JCC has never had the opportunity to determine what portions of the bills of Dr. Edelman and Dr. Denner properly constitute taxable costs. The determination of what constitutes taxable costs rests within the sound discretion of the JCC. P & S Properties v. Ganz Plumbing Inc., 558 So.2d 458 (Fla. 4th DCA 1990). We, therefore, reverse the order of the JCC and remand for a determination of taxable costs which may be imposed against the E/C, consistent with the dictates of this opinion.
SHIVERS, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] In light of our decision to remand the case to the JCC for a determination of which part of the bills of Dr. Edelman and Valerie Denner constituted taxable costs, it is unnecessary for us to address the arguments of the parties as to the individual items contained in these bills.