CASANUEVA, Judge.
This is an appeal from the equitable distribution, pursuant to section 440.39, Florida Statutes (1997), of the proceeds from a negligence suit on which the worker’s compensation insurance carrier, the appellant, ETS of New Orleans, Inc. (ETS), had asserted a worker’s compensation lien. ETS contends that the trial court committed three errors. First, it claims that the court improperly permitted counsel for the defendant in the underlying tort suit to testify as an expert on the value of that tort claim, and, second, that the court improperly determined the full value of the tort claim. We hold that the record supports the trial court’s rulings on these two issues and affirm them without further discussion. ETS’s third contention is that the trial court improperly included in its final order of equitable distribution *959 all costs incurred by the injured worker instead of just taxable costs. ETS’s third contention is meritorious and we reverse only as to that issue.
The appellee, Brian Jones, was employed by Ed Smith Steel Erectors, Inc. ETS provided the workers’ compensation insurance to Mr. Jones’ employer at the time of the accident in 1994. While on the jobsite, Mr. Jones had to walk along the eight-inch wide top of a partially constructed concrete block wall, through which a four-foot high segment of PVC pipe protruded. The pipe had been installed by Lawhorn Plumbing, another subcontractor on the project. Mr. Jones grabbed the two-inch diameter pipe in an effort to swing around it; unfortunately, it broke and he fell 18 feet to the concrete floor below. As a result of the fall, Mr. Jones suffered compression fractures of the first, second, and third lumbar vertebrae as well as a broken ankle. His permanent injuries resulted in a whole person disability rating of 22 percent. ETS eventually paid him $124,460.12 in worker’s compensation benefits.
Subsequently, Mr. Jones sued Lawhorn Plumbing for damages allegedly resulting from its negligence, and ETS filed a worker’s compensation lien in the suit as allowed under Chapter 440. Ultimately, Mr. Jones and Lawhorn Plumbing settled for $50,000. Mr. Jones then petitioned for equitable distribution of the settlement proceeds in order to satisfy ETS’ worker’s compensation lien. Following an eviden-tiary hearing, the trial court awarded ETS only $5,102.86. In this appeal ETS asserts that the trial court, as part of the equitable distribution calculation, overstated the amount of costs Mr. Jones was entitled to subtract from his settlement before determining the pro rata share of the award ETS would receive.
The relevant statute, section 440.39(3)(a), provides, in pertinent part:
Upon suit being filed, the ... insurance carrier ... may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for the plaintiffs attorney. In determining the employer’s or carrier’s pro rata share of those costs and attorney’s fees, the employer or carrier shall have deducted from its recovery a percentage amount equal to the percentage of the judgment or settlement which is for costs and attorney’s fees. Subject to this deduction, the employer or carrier shall recover from the judgment or settlement, after costs and attorney’s fees incurred by the employee ... in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid.
The trial court, in determining the final amount, allowed Mr. Jones to offset all his costs instead of just the taxable costs. The question before us is whether, within the context of this section, “court costs” means “taxable costs” or “all costs” incurred on behalf of the employee. We hold that the former definition applies.
A prevailing party may generally recover only taxable costs. See § 57.041, Fla. Stat. (1997); see also In Re: Statewide Unif. Guidelines for Taxation of Costs in Civil Actions, Admin. Order, Fla. Sup.Ct., 7 Fla. L. Weekly S517 (Fla. Oct. 28, 1981), reprinted in Florida Rules of Court 1575 (West 1998). The First District Court of Appeal applied this rule to an assessment of costs in a worker’s compensation context in McArthur Farms v. Peterson, 586 So.2d 1273 (Fla. 1st DCA 1991) (generally, prevailing parties, including those in workers’ compensation cases, may collect only taxable costs, rather than all costs). Although the First District was interpreting a stipulated agreement as to the word “costs” with no qualifying adjec *960 tive, its reasoning and its discussion of the general meaning of “costs” are just as applicable here.
Accordingly, we affirm in part, reverse in part, and remand for further proceedings.
' NORTHCUTT, A.C.J., and QUINCE, PEGGY A., Associate Judge, Concur.