PER CURIAM.
Appellant Florida Building Commission appeals the Administrative Law Judge’s order invalidating Florida Building Code section 424.2.17.1.9, adopted by the Commission in 2001, based upon an interpretation of section 13, chapter 2001-372, Laws of Florida. The Commission argues, in part, that the ALJ erred in interpreting section 13, chapter 2001-372 as giving effect to the rules the Commission adopted on November 28, 2000, and, therefore, evidencing the Legislature’s intent to invalidate the challenged rule. We agree with the Commission and, therefore, reverse.[1]

I. Background

In 2000, the Legislature enacted the Residential Swimming Pool Safety Act. See ch.2000-143, Laws of Fla. (codified as chapter 515, Florida Statutes). In section 515.23, Florida Statutes (2002), the Legislature stated its intent that prior to the issuance of a certificate of completion, “all new residential swimming pools, spas, and hot tubs [must] be equipped with at least one pool safety feature as specified in [section 515.27, Florida Statutes].” In 2001, the Legislature further provided that:
[T]he Florida Building Code must provide uniform implementation of ss. 515.25, 515.27, and 515.29 by including standards and criteria for residential swimming pool barriers, pool covers, latching devices, door and window exit alarms, and other equipment required therein, which are consistent with the intent of s. 515.23.
*938 Ch.2001-186, § 25, at 1528, Laws of Fla. (codified as section 553.73(2), Florida Statutes).
In response to this legislative pronouncement, the Commission adopted the Pool Alarm Rule, which provides:
All doors and windows providing direct access from the home to the pool shall be equipped with an exit alarm complying with UL2017 that has a minimum sound pressure rating of 85dBA at 10 feet and is either hard-wired or of the plug-in type. The exit alarm shall produce a continuous audible warning when the door and its screen are opened. The alarm shall sound immediately after the door is opened and be capable of being heard throughout the house during normal household activities. The alarm shall be equipped with a manual means to temporarily deactivate the alarm for a single opening. Such deactivation shall last no longer than 15 seconds. The deactivation switch shall be located at least 54 inches above the threshold of the door.
Fla. Bldg.Code § 424.2.17.1.9 (2002 revision) (emphasis added).
On June 17, 2002, appellee Florida Pool and Spa Association initiated an administrative rule challenge on various grounds to the Pool Alarm Rule. Appellee Mark Rodrigue later intervened. On February 12, 2002, the ALJ issued the Final Order, ultimately holding that the Pool Alarm Rule, to the extent it incorporated changes since November 28, 2000, was an invalid exercise of delegated legislative authority because it contravened section 13, chapter 2001-372, Laws of Florida. Section 13 reads as follows: “Notwithstanding section 10, the residential swimming pool safety requirements of the Florida Building Code, 424.2, relating to private swimming pools, of Rule 9B-3.047, Florida Administrative Code, as adopted November 28, 2000, shall take effect January 1, 2002.”

II. Section IS, Chapter 2001-372, Laws of Florida

The ALJ interpreted the language of section 13, chapter 2001-372 to mean that the residential swimming pool safety rules that were adopted on November 28, 2000, went into effect January 1, 2002, and continued in effect indefinitely. Therefore, the ALJ further concluded that the Legislature disapproved of the rules the Commission adopted in 2001, which included the Pool Alarm Rule, and those rules were not to have effect. The ALJ’s interpretation is erroneous because it requires construing section 13 in isolation, although it clearly refers to section 10, chapter 2001-372.[2] Section 10 reads as follows: “Rule 9B-3.047, Florida Administrative Code, as it existed before November 28, 2000, is adopted [as of December 17, 2001, the effective date of this act] and will remain in force until the [March 1, 2002] effective date of the Florida Building Code as established in this act.” Id. §§ 2, 10, at 167, 169.
By referring to section 10, section 13 incorporates the timeline set forth in section 10 for the adoption of the new Florida Building Code rules. However, section 13 then carves out an exception to the section 10 timeline for the residential swimming pool safety requirements of the Florida Building Code. Id. § 13, at 169. Rather than making a previous version of the rules effective from December 17, 2001, until March 1, 2002, as section 10 requires, section 13 adopts a previous version of the rules from January 1, 2002, until March 1, 2002, when the new residential swimming pool safety requirements went into effect. Id. Therefore, in pertinent part, section 13 *939 differs from section 10 only m the date the previous version of the rules became effective, not in the date on which the previous version of the rules were terminated and the new rules became effective. This interpretation harmonizes section 13 with all of chapter 2001-372 to give effect to a new uniform Florida Building Code. See Jones v. ETS of New Orleans, Inc., 793 So.2d 912, 914-915 (Fla.2001) (“A basic tenet of statutory interpretation is that a ‘statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts.’ ”); Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (same).
Sections 1 through 7 of chapter 2001-372 delay the effective date of the new Florida Building Code rules until March 1, 2002. See ch.2001-372, §§ 1-7, at 167-68, Laws of Fla. Specifically, section 2 states that the effective date of section 25, chapter 2001-186, which instructed the Commission to provide rules for swimming pool safety devices, “is changed to March 1, 2002.” Id. at 167. In light of these sections, it is clear that chapter 2001-372 as a whole delayed the effective date of the swimming pool safety rules and other rules of the Florida Building Code until March 1, 2002, and that section 13 in particular merely instructed that until that time, and after January 1, 2002, the November 28, 2000 rules for residential swimming pool safety would be in effect.
We, therefore, reject appellees’ argument that section 13 adopted a previous version of the Florida Building Code rules indefinitely and conclude that the ALJ’s interpretation of section 13 was in error. Accordingly, we hold that Rule 9B-3.047 (424.2.17.1.9) of the Florida Building Code [Amended 2/7/01 and 12/16/01] to the extent it incorporates changes to section 424.2.17.1.9 of the Florida Building Code is valid, and the order below is REVERSED.
WOLF, C.J., PADOVANO and POLSTON, JJ., concur.

. Appellees argue that even if the ALJ erred in her interpretation of section 13, chapter 2001-372, this Court should nevertheless affirm the ALJ’s invalidation of the rule because the rule is an invalid exercise of delegated legislative authority. The law and the record below do not support appellees’ argument.

. See ch.2001-372, § 13, at 169, Laws of Fla.